IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TILLMAN NORTH, #252941, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:10-CV-433-ID |
| ) | [WO] |
| ) | |
| LEEPOSEY DANIELS, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This civil action is before the court on a complaint filed by Tillman North ["North"], a state inmate and frequent federal litigant, on May 18, 2010. In this complaint, North argues that correctional officials have improperly calculated his release date based on various sentences imposed upon him by the Circuit Court of Escambia County, Alabama.[1] North further complains that several months ago he suffered injuries during an incident with a K-9 unit.

Upon initiation of this case, North filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *Application to Proceed Without Prepayment of Fees - Court Doc. No. 2*. However, 28 U.S.C. § 1915(g) directs that a prisoner may not bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions,

---

[1] At the same time he filed this civil rights action, North filed a petition for habeas corpus relief in which he challenges the constitutionality of his current sentence and resulting incarceration pursuant to such sentence. *North v. Daniels, et al.*, Case No. 2:10-CV-432-TMH (M.D. Ala.). Habeas corpus is the proper vehicle for such claims. *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2]

The records of this court establish that North, while incarcerated or detained, has on at least three occasions had civil actions dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915. The actions on which this court relies in finding a § 1915(g) violation are: (1) *North v. Department of Corrections, et al.*, Case No. 2:10-CV-300-TMH (M.D. Ala. 2010), (2) *North v. Elmore Correctional K-9 Unit*, Case No.2:10-CV-164-WHA (M.D. Ala. 2010), and (3) *North v. Department of Corrections, et al.*, Case No. 2:10-CV-93-WHA (M.D. Ala. 2010).

In the present cause of action, North attacks the constitutionality of his confinement based on sentences imposed upon him in 2004, 2005 and 2006 by the Circuit Court of Escambia County, Alabama. He also complains about an altercation with a K-9 unit that transpired several months prior to his filing this case. The allegations made the basis of the

---

[2]In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216, 127 S.Ct. at 921.

instant complaint fail to demonstrate that North was "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (a prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)). Based on the foregoing, the court concludes that North's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as North failed to pay the requisite filing fee upon initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

## CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Tillman North on May 18, 2010 (Court Doc. No. 2) be and is hereby DENIED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that on or before June 7, 2010 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 24th day of May, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE